# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Lucas McDonough, | Case No. 19-cv-02238 (PJS-TNL) |
| Plaintiff, | **DEFENDANT CLIFTON TOLES'** |
| | **ANSWER TO PLAINTIFF LUCAS** |
| vs. | **MCDONOUGH'S COMPLAINT AND** |
| | **AMENDED CROSSCLAIM AGAINST** |
| Clifton Toles, City of Minneapolis, and | **CO-DEFENDANT CITY OF** |
| Fossland-Olson, Inc. d/b/a The 1029 Bar, | **MINNEAPOLIS** |
| Defendants. | **JURY TRIAL DEMANDED** |

For his Answer to the Complaint of plaintiff Lucas McDonough, defendant Clifton Toles denies each and every allegation in McDonough's Complaint except as hereinafter expressly admitted.  Toles responds to each paragraph of the Complaint as follows:

1.      In response to the allegations in paragraph 1 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.  Toles expressly denies that he acted unlawfully or wrongly and affirmatively alleges that he acted in the performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

2.      In response to the allegations in paragraph 2 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.  Toles expressly denies that he acted unlawfully or wrongly and affirmatively alleges that he acted in the

performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

3.      In response to the allegations in paragraph 3 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.

## JURISDICTION AND VENUE

4.      In response to the allegations in paragraph 4 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

5.      Toles admits paragraph 5 of the Complaint.

6.      Toles admits paragraph 6 of the Complaint.

7.      In response to the allegations in paragraph 7 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

8.      Toles admits paragraph 8 of the Complaint.

9.      Toles admits paragraph 9 of the Complaint.

10.     Toles admits paragraph 10 of the Complaint.

11.     In response to the allegations in paragraph 11 of the Complaint, Toles admits that the Court has personal jurisdiction over the defendants and that the Complaint's allegations are set in the State of Minnesota within this District but denies the remainder of the paragraph.

12.    In response to the allegations in paragraph 12 of the Complaint, Toles admits that venue is proper as the Complaint's allegations are set within this District but denies the remainder of the paragraph.

## FACTUAL BACKGROUND

13.    In response to the allegations in paragraph 13 of the Complaint, Toles admits that McDonough was in Minnesota on December 23 and 24, 2017.  Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

14.    In response to the allegations in paragraph 14 of the Complaint, Toles admits that McDonough was at The 1029 Bar on December 23, 2017.  Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

15.    In response to the allegations in paragraph 15 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

16.    In response to the allegations in paragraph 16 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

17.    In response to the allegations in paragraph 17 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

18.     In response to the allegations in paragraph 18 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

19.     Toles admits paragraph 19 of the Complaint.

20.     Toles admits paragraph 20 of the Complaint.

21.     In response to the allegations in paragraph 21 of the Complaint, Toles admits only that he consumed alcohol on the evening of December 23, 2017.  Toles affirmatively alleges that he was not intoxicated or impaired on the evening of December 23, 2017.  Toles denies the allegations to the extent inconsistent with the foregoing.

22.     Toles admits paragraph 22 of the Complaint.

23.     Toles denies paragraph 23 of the Complaint.

24.     Toles denies paragraph 24 of the Complaint.

25.     In response to the allegations in paragraph 25 of the Complaint, Toles admits only that he stated he was a Minneapolis police officer, that he physically restrained McDonough, and that he requested assistance from Mike Wells in removing McDonough from the premises.  Toles denies the allegations to the extent inconsistent with the foregoing.

26.     In response to the allegations in paragraph 26 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

27.     Toles denies paragraph 27 of the Complaint.

28.     In response to the allegations in paragraph 28 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

29.     Toles admits paragraph 29 of the Complaint.

30.     In response to the allegations in paragraph 30 of the Complaint, Toles admits only that he physically restrained McDonough.  Toles denies the allegations to the extent inconsistent with the foregoing.

31.     Toles denies paragraph 31 of the Complaint.

32.     In response to the allegations in paragraph 32 of the Complaint, Toles admits only that he restrained and removed McDonough from The 1029 Bar.  Toles denies the allegations to the extent inconsistent with the foregoing.

33.     In response to the allegations in paragraph 33 of the Complaint, Toles admits only that The 1029 Bar did not stop Toles from physically restraining McDonough.  Toles denies the allegations to the extent inconsistent with the foregoing.

34.     Toles denies paragraph 34 of the Complaint.

35.     Toles denies paragraph 35 of the Complaint.

36.     Toles denies paragraph 36 of the Complaint.

37.     In response to the allegations in paragraph 37 of the Complaint, Toles admits only that he released McDonough outside The 1029 Bar.  Toles denies the allegations to the extent inconsistent with the foregoing.

38.     In response to the allegations in paragraph 38 of the Complaint, Toles admits only that he struck McDonough in self-defense.  Toles denies the allegations to the extent inconsistent with the foregoing.

39.     In response to the allegations in paragraph 39 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

40.     In response to the allegations in paragraph 40 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

41.     In response to the allegations in paragraph 41 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

42.     In response to the allegations in paragraph 42 of the Complaint, Toles admits only that he did not personally call 911. He did understand that the bar had called 911 for medical assistance. Toles denies the allegations to the extent inconsistent with the foregoing.

43.     In response to the allegations in paragraph 43 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

44.     Toles denies paragraph 44 of the Complaint.

45.     Toles denies paragraph 45 of the Complaint.

46.     In response to the allegations in paragraph 46 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

47.     Toles denies paragraph 47 of the Complaint.

48.     Toles denies paragraph 48 of the Complaint.

49.     In response to the allegations in paragraph 49 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

50.     In response to the allegations in paragraph 50 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

51.     In response to the allegations in paragraph 51 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

52.     In response to the allegations in paragraph 52 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

53.     In response to the allegations in paragraph 53 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

54.     In response to the allegations in paragraph 54 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

55.     In response to the allegations in paragraph 55 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

56.     In response to the allegations in paragraph 56 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

57.     In response to the allegations in paragraph 57 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

58.     In response to the allegations in paragraph 58 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

59.     In response to the allegations in paragraph 59 of the Complaint, Toles denies the truth of W2's alleged statements; denies any implication that he acted unlawfully or wrongly; and affirmatively alleges that he acted in the performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

60.     In response to the allegations in paragraph 60 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

61.     In response to the allegations in paragraph 61 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

62.     In response to the allegations in paragraph 62 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

63.     In response to the allegations in paragraph 63 of the Complaint, Toles denies the truth of W2's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

64.     In response to the allegations in paragraph 64 of the Complaint, Toles denies the truth of W3's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

65.     In response to the allegations in paragraph 65 of the Complaint, Toles denies the truth of W3's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

66.     In response to the allegations in paragraph 66 of the Complaint, Toles denies the truth of W3's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

67.     In response to the allegations in paragraph 67 of the Complaint, Toles denies the truth of W1's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

68.     In response to the allegations in paragraph 68 of the Complaint, Toles denies the truth of W1's alleged statements.  Toles denies the allegations to the extent inconsistent with the foregoing.

69.     In response to the allegations in paragraph 69 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

70.     In response to the allegations in paragraph 70 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

71.     Toles denies paragraph 71 of the Complaint.

72.     In response to the allegations in paragraph 72 of the Complaint, Toles admits only that he consumed alcohol on the evening of December 23, 2017.  Toles affirmatively alleges that he was not intoxicated or impaired on the evening of December 23, 2017.  Toles denies the allegations to the extent inconsistent with the foregoing.

73.     In response to the allegations in paragraph 73 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

74.     In response to the allegations in paragraph 74 of the Complaint, Toles admits only that video footage shows Toles and Wells speaking intermittently and that

Toles physically restrained McDonough.   Toles denies the allegations to the extent inconsistent with the foregoing.

75.     In response to the allegations in paragraph 75 of the Complaint, Toles admits only that Wells chose not to ID Toles by name to Minneapolis Police Officers on December 24, 2017.   Toles denies the allegations to the extent inconsistent with the foregoing.

76.     In response to the allegations in paragraph 76 of the Complaint, Toles admits only that Wells chose not to ID Toles by name to Minneapolis Police Officers on December 24, 2017.   Toles denies the allegations to the extent inconsistent with the foregoing.

77.     In response to the allegations in paragraph 77 of the Complaint, Toles admits only that McDonough swung first and that Toles struck McDonough in self-defense.  Toles denies the allegations to the extent inconsistent with the foregoing.

78.     Toles denies paragraph 78 of the Complaint.

79.     Toles denies paragraph 79 of the Complaint.

80.     Toles denies paragraph 80 of the Complaint.

81.     In response to the allegations in paragraph 81 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

82.     Toles denies paragraph 82 of the Complaint.

83.     Toles admits paragraph 83 of the Complaint.

84.     Toles denies paragraph 84 of the Complaint.

85.     Toles denies paragraph 85 of the Complaint.

86.     Toles admits paragraph 86 of the Complaint.

87.     Toles admits paragraph 87 of the Complaint

88.     Toles admits paragraph 88 of the Complaint.

89.     Toles denies paragraph 89 of the Complaint.

90.     Toles denies paragraph 90 of the Complaint.

91.     Toles denies paragraph 91 of the Complaint.

92.     Toles denies paragraph 92 of the Complaint.

93.     Toles denies paragraph 93 of the Complaint.

94.     Toles admits paragraph 94 of the Complaint.

95.     Toles admits paragraph 95 of the Complaint.

96.     Toles admits paragraph 96 of the Complaint.

97.     Toles denies paragraph 97 of the Complaint.

98.     Toles denies paragraph 98 of the Complaint.

99.     Toles denies paragraph 99 of the Complaint.

100.    Toles denies paragraph 100 of the Complaint.

101.    Toles denies paragraph 101 of the Complaint.

102.    Toles admits paragraph 102 of the Complaint.

103.    Toles admits paragraph 103 of the Complaint.

104.    Toles admits paragraph 104 of the Complaint.

105.    In response to the allegations in paragraph 105 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

106.    Toles denies paragraph 106 of the Complaint.

107.    In response to the allegations in paragraph 107 of the Complaint, Toles admits only that his report is true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

108.    In response to the allegations in paragraph 108 of the Complaint, Toles admits only that statements to the St. Paul Police Department are true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

109.    Toles denies paragraph 109 of the Complaint.

110.    Toles denies paragraph 110 of the Complaint.

111.    Toles denies paragraph 111 of the Complaint.

112.    Toles denies paragraph 112 of the Complaint.

113.    In response to the allegations in paragraph 113 of the Complaint, Toles admits only that the video footage does not show McDonough with a drinking glass in his hand while he is physically restrained by Toles.  Toles denies the allegations to the extent inconsistent with the foregoing.

114.    Toles denies paragraph 114 of the Complaint.

115.    Toles denies paragraph 115 of the Complaint.

116.    In response to the allegations in paragraph 116 of the Complaint, Toles admits only that his report is true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

117.    In response to the allegations in paragraph 117 of the Complaint, Toles admits only that statements to the St. Paul Police Department are true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

118.    Toles denies paragraph 118 of the Complaint.

119.    Toles denies paragraph 119 of the Complaint.

120.    In response to the allegations in paragraph 120 of the Complaint, Toles admits only that his report is true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

121.    In response to the allegations in paragraph 121 of the Complaint, Toles admits only that statements to the St. Paul Police Department are true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

122.    In response to the allegations in paragraph 122 of the Complaint, Toles admits only that his report is true and accurate to the best of his ability.  Toles denies the allegations to the extent inconsistent with the foregoing.

123.    In response to the allegations in paragraph 123 of the Complaint, Toles admits only that statements to the St. Paul Police Department are true and accurate to the

14

best of his ability.   Toles denies the allegations to the extent inconsistent with the foregoing.

124.   Toles denies paragraph 124 of the Complaint.

125.   Toles denies paragraph 125 of the Complaint.

126.   In response to the allegations in paragraph 126 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

127.   In response to the allegations in paragraph 127 of the Complaint, Toles denies the truth and completeness of Wells' alleged statements.   Toles denies the allegations to the extent inconsistent with the foregoing.

128.   Toles denies paragraph 128 of the Complaint.

129.   In response to the allegations in paragraph 129 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

130.   Toles denies paragraph 130 of the Complaint.

131.   Toles denies paragraph 131 of the Complaint.

132.   Toles denies paragraph 132 of the Complaint.

133.   Toles denies paragraph 133 of the Complaint.

134.   Toles admits paragraph 134 of the Complaint.

135.   In response to the allegations in paragraph 135 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.   To the extent the allegations require a response, Toles denies the allegations.   Toles

expressly denies that he acted unlawfully or wrongly and affirmatively alleges that he acted in the performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

136.     Toles denies paragraph 136 of the Complaint.

137.     Toles denies paragraph 137 of the Complaint.

138.     Toles denies paragraph 138 of the Complaint.

139.     Toles denies paragraph 139 of the Complaint.

140.     In response to the allegations in paragraph 140 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.

141.     Toles admits paragraph 141 of the Complaint.

142.     Toles denies paragraph 142 of the Complaint.

143.     Toles denies paragraph 143 of the Complaint.

144.     Toles denies paragraph 144 of the Complaint.

145.     Toles denies paragraph 145 of the Complaint.

146.     Toles denies paragraph 146 of the Complaint.

147.     In response to the allegations in paragraph 147 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

148.     In response to the allegations in paragraph 148 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

16

149.    In response to the allegations in paragraph 149 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

150.    In response to the allegations in paragraph 150 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

151.    In response to the allegations in paragraph 151 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

152.    In response to the allegations in paragraph 152 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

153.    In response to the allegations in paragraph 153 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

154.    In response to the allegations in paragraph 154 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

155.    In response to the allegations in paragraph 155 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

156.    In response to the allegations in paragraph 156 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

157.    In response to the allegations in paragraph 157 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

158.    In response to the allegations in paragraph 158 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

159.    In response to the allegations in paragraph 159 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

160.    In response to the allegations in paragraph 160 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

161.    In response to the allegations in paragraph 161 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

162.    In response to the allegations in paragraph 162 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

163.    In response to the allegations in paragraph 163 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

164.    In response to the allegations in paragraph 164 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

165.    In response to the allegations in paragraph 165 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

166.    In response to the allegations in paragraph 166 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

167.    In response to the allegations in paragraph 167 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

168.    In response to the allegations in paragraph 168 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

169.    In response to the allegations in paragraph 169 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

170.    In response to the allegations in paragraph 170 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

171.    In response to the allegations in paragraph 171 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

172.    In response to the allegations in paragraph 172 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

173.    In response to the allegations in paragraph 173 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

174.    In response to the allegations in paragraph 174 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

175.    In response to the allegations in paragraph 175 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

176.    In response to the allegations in paragraph 176 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

177.    In response to the allegations in paragraph 177 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

178.    In response to the allegations in paragraph 178 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

179.    In response to the allegations in paragraph 179 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

180.    In response to the allegations in paragraph 180 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

181.    In response to the allegations in paragraph 181 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

182.    In response to the allegations in paragraph 182 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

183.    Toles denies paragraph 183 of the Complaint.

184.    Toles denies paragraph 184 of the Complaint.

185.    Toles denies paragraph 185 of the Complaint.

186.    In response to the allegations in paragraph 186 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

187.    In response to the allegations in paragraph 187 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

188.    In response to the allegations in paragraph 188 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

189.    In response to the allegations in paragraph 189 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

190.    In response to the allegations in paragraph 190 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

191.    In response to the allegations in paragraph 191 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

192.    In response to the allegations in paragraph 192 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

193.     In response to the allegations in paragraph 193 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

194.     In response to the allegations in paragraph 194 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

195.     In response to the allegations in paragraph 195 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

196.     In response to the allegations in paragraph 196 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

197.     Toles denies paragraph 197 of the Complaint.

198.     In response to the allegations in paragraph 198 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

199.     In response to the allegations in paragraph 199 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

200.     In response to the allegations in paragraph 200 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

201.   In response to the allegations in paragraph 201 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

202.   In response to the allegations in paragraph 202 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

203.   In response to the allegations in paragraph 203 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

204.   Toles denies paragraph 204 of the Complaint.

205.   In response to the allegations in paragraph 205 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

206.   In response to the allegations in paragraph 206 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

207.   In response to the allegations in paragraph 207 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

208.   In response to the allegations in paragraph 208 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

209.    In response to the allegations in paragraph 209 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

210.    In response to the allegations in paragraph 210 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

211.    In response to the allegations in paragraph 211 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

212.    In response to the allegations in paragraph 212 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

213.    In response to the allegations in paragraph 213 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

214.    In response to the allegations in paragraph 214 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

215.    In response to the allegations in paragraph 215 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

216.    In response to the allegations in paragraph 216 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

217.    In response to the allegations in paragraph 217 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

218.    In response to the allegations in paragraph 218 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

219.    In response to the allegations in paragraph 219 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

220.    In response to the allegations in paragraph 220 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

221.    In response to the allegations in paragraph 221 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

222.    In response to the allegations in paragraph 222 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

223.   In response to the allegations in paragraph 223 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

224.   In response to the allegations in paragraph 224 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

225.   In response to the allegations in paragraph 225 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

226.   In response to the allegations in paragraph 226 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

227.   In response to the allegations in paragraph 227 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

228.   Toles denies paragraph 228 of the Complaint.

229.   In response to the allegations in paragraph 229 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

230.   In response to the allegations in paragraph 230 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

231.    In response to the allegations in paragraph 231 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

232.    In response to the allegations in paragraph 232 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

233.    In response to the allegations in paragraph 233 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.  Toles expressly denies that he acted unlawfully or wrongly and affirmatively alleges that he acted in the performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

234.    In response to the allegations in paragraph 234 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

235.    In response to the allegations in paragraph 235 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

236.    Toles denies paragraph 236 of the Complaint.

237.    Toles denies paragraph 237 of the Complaint.

238.    Toles admits paragraph 238 of the Complaint.

239.    Toles denies paragraph 239 of the Complaint.

28

240.    In response to the allegations in paragraph 240 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

241.    In response to the allegations in paragraph 241 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

242.    In response to the allegations in paragraph 242 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

243.    Toles denies paragraph 243 of the Complaint.

244.    In response to the allegations in paragraph 244 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

245.    In response to the allegations in paragraph 245 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

246.    In response to the allegations in paragraph 246 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

247.    In response to the allegations in paragraph 247 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

248.   In response to the allegations in paragraph 248 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

249.   In response to the allegations in paragraph 249 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

250.   Toles admits paragraph 250 of the Complaint.

251.   Toles admits paragraph 251 of the Complaint.

252.   In response to the allegations in paragraph 252 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

253.   In response to the allegations in paragraph 253 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

254.   In response to the allegations in paragraph 254 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

255.   In response to the allegations in paragraph 255 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

256.    In response to the allegations in paragraph 256 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

257.    In response to the allegations in paragraph 257 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

258.    In response to the allegations in paragraph 258 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

259.    In response to the allegations in paragraph 259 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

260.    In response to the allegations in paragraph 260 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

261.    In response to the allegations in paragraph 261 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

262.    In response to the allegations in paragraph 262 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

263.   In response to the allegations in paragraph 263 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

264.   In response to the allegations in paragraph 264 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

265.   In response to the allegations in paragraph 265 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

266.   Toles denies paragraph 266 of the Complaint.

267.   In response to the allegations in paragraph 267 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

268.   In response to the allegations in paragraph 268 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

269.   Toles admits paragraph 269 of the Complaint.

270.   Toles admits paragraph 270 of the Complaint.

271.   In response to paragraph 271 of the Complaint, Toles admits only that he has received complimentary alcoholic beverages from The 1029 Bar.  Toles denies the allegations to the extent inconsistent with the foregoing.

272.   Toles admits paragraph 272 of the Complaint.

273.    In response to the allegations in paragraph 273 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

274.    In response to the allegations in paragraph 274 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

275.    In response to the allegations in paragraph 275 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

276.    In response to the allegations in paragraph 276 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

277.    In response to the allegations in paragraph 277 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

278.    Toles admits paragraph 278 of the Complaint.

279.    In response to the allegations in paragraph 279 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

280.    In response to the allegations in paragraph 280 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

281.    In response to the allegations in paragraph 281 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

282.    In response to the allegations in paragraph 282 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

283.    In response to the allegations in paragraph 283 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

284.    In response to the allegations in paragraph 284 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

285.    In response to the allegations in paragraph 285 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

286.    In response to the allegations in paragraph 286 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

287.    In response to the allegations in paragraph 287 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

288.    In response to the allegations in paragraph 288 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

289.    In response to the allegations in paragraph 289 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

290.    In response to the allegations in paragraph 290 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

291.    In response to the allegations in paragraph 291 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

292.    In response to the allegations in paragraph 292 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

293.    In response to the allegations in paragraph 293 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

294.    In response to the allegations in paragraph 294 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

295.   In response to the allegations in paragraph 295 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

296.   In response to the allegations in paragraph 296 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

297.   In response to the allegations in paragraph 297 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

298.   In response to the allegations in paragraph 298 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

299.   In response to the allegations in paragraph 299 of the Complaint, Toles admits only that he was hired by the Minneapolis Police Department, having passed all testing procedures and requirements imposed.  Toles denies the allegations to the extent inconsistent with the foregoing.

300.   In response to the allegations in paragraph 300 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

301.   In response to the allegations in paragraph 301 of the Complaint, Toles denies the allegation that he was unfit.  Toles lacks information or knowledge sufficient

to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

302.   In response to the allegations in paragraph 302 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

303.   Toles denies paragraph 303 of the Complaint.

304.   In response to the allegations in paragraph 304 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

305.   In response to the allegations in paragraph 305 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

306.   In response to the allegations in paragraph 306 of the Complaint, Toles denies the allegations that he was unable to safely and effectively perform his job duties as a police officer and that he is unfit for service as a licensed peace officer.  Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

307.   In response to the allegations in paragraph 307 of the Complaint, Toles denies the allegations that he was or is not able to deal with the actual realities of street situations in an objectively reasonably way, that he brings stress, drama, and subjective fear rather than professionalism to street encounters, and that McDonough's conduct at The 1029 Bar was soft and gentle.  Toles lacks information or knowledge sufficient to

form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

308.    Toles denies paragraph 308 of the Complaint.

309.    Toles denies paragraph 309 of the Complaint.

310.    Toles denies paragraph 310 of the Complaint.

## COUNT I
### 42 U.S.C. § 1983—CONSTITUTIONAL VIOLATIONS
### (Against Officer Toles)

311.    Toles incorporates his responses to paragraphs 1 through 310 as if fully set forth herein.

312.    Toles denies paragraph 312 of the Complaint, and affirmatively alleges that at all times he acted in the performance of the duties of his position as a Minneapolis Police Officer and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.

313.    Toles denies paragraph 313 of the Complaint.

314.    Toles denies paragraph 314 of the Complaint.

315.    Toles denies paragraph 315 of the Complaint.

316.    Toles denies paragraph 316 of the Complaint.

317.    In response to the allegations in paragraph 317 of the Complaint, Toles admits that he is entitled to defense and indemnity under Minn. Stat. § 466.07, but denies any implication in the paragraph that he acted wrongfully. Toles affirmatively alleges that he acted in the performance of the duties of his position as a Minneapolis Police Officer

and is not guilty of malfeasance in office, willful neglect of duty, or bad faith.  Toles denies the allegations to the extent inconsistent with the foregoing.

**COUNT II**
**42 U.S.C. § 1983—FAILURE TO TRAIN**
***City of Canton v. Harris*, 489 U.S. 378 (1989)**
**(Against City of Minneapolis)**

318.    Toles incorporates his responses to paragraphs 1 through 317 as if fully set forth herein.

319.    In response to the allegations in paragraph 319 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

320.    In response to the allegations in paragraph 320 of the Complaint, Toles denies the allegation that his training was improper and that he used improper force. Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

321.    In response to the allegations in paragraph 321 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

322.    In response to the allegations in paragraph 322 of the Complaint, Toles denies any implication that he committed any misconduct, engaged in any conduct amounting to excessive use of force, made false or contrived statements, or limited the availability of valuable evidence.  Toles lacks information or knowledge sufficient to

form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

323.    In response to the allegations in paragraph 323 of the Complaint, Toles denies any implication that his actions amounted to an illegal use of force or violated McDonough's well-established constitutional rights.    Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

324.    Toles denies paragraph 324 of the Complaint.

325.    Toles denies paragraph 325 of the Complaint.

### COUNT III
### 42 U.S.C. § 1983—*Monell* Claims
### *Monell v. Dep't. of Social Services,* **436 U.S. 658 (1978)**
### (Against City of Minneapolis)

326.    Toles incorporates his responses to paragraphs 1 through 325 as if fully set forth herein.

327.    In response to the allegations in paragraph 327 of the Complaint, Toles denies the allegations that his actions amounted to an improper use of force on citizens or that Toles obstructed or derailed any investigation.    Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

328.    In response to the allegations in paragraph 328 of the Complaint, Toles denies the allegations that he was a part of a pattern or practice regarding frustrating individuals' rights through use of untruthful statements and maintaining the blue wall of

silence.  Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

329.    In response to the allegations in paragraph 329 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

330.    In response to the allegations in paragraph 330 of the Complaint, Toles denies the allegations that he was a dangerously unqualified officer.  Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore, denies them.

331.    In response to the allegations in paragraph 331 of the Complaint, Toles lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore, denies them.

332.    Toles denies paragraph 332 of the Complaint.

333.    Toles denies paragraph 333 of the Complaint.

<u>**COUNT IV**</u>
**Common Law Negligence**
**(Against 1029 Bar)**

334.    Toles incorporates his responses to paragraphs 1 through 333 as if fully set forth herein.

335.    In response to the allegations in paragraph 335 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.

336.   In response to the allegations in paragraph 336 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.   Toles expressly denies the allegation of his unreasonable aggression.

337.   In response to the allegations in paragraph 337 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.

338.   In response to the allegations in paragraph 338 of the Complaint, Toles states that the allegations require no response because they state conclusions of law.  To the extent the allegations require a response, Toles denies the allegations.

339.   Toles denies any implication in paragraph 339 of the Complaint that McDonough's claimed injuries resulted from Toles' improper conduct; denies knowledge and information regarding the extent of the claimed injuries; and takes no position on the legal duties owed by The 1029 Bar.

340.   Toles denies paragraph 340 of the Complaint to the extent it implies McDonough is entitled to damages from The 1029 Bar on account of wrongful conduct of Toles.

### COUNT V
### Aiding and Abetting Liability – 42 U.S.C. § 1983
### (Against 1029 Bar)

341.   Toles incorporates his responses to paragraphs 1 through 340 as if fully set forth herein.

342.   Toles denies paragraph 342 of the Complaint.

42

343.    Toles denies paragraph 343 of the Complaint.

344.    Toles denies paragraph 344 of the Complaint.

345.    Toles denies paragraph 345 of the Complaint.

346.    Toles denies paragraph 346 of the Complaint.

## AFFIRMATIVE DEFENSES

Toles may rely on any or all of the following affirmative defenses with respect to the Complaint:

1.    McDonough's Complaint fails to state a claim upon which relief may be granted.

2.    McDonough's claim for damages against Toles is barred due to the application of common law and statutory privileges or immunities, including qualified immunity.

3.    Toles' actions in restraining McDonough were justified and not excessive under the circumstances then existing.

4.    Toles acted in lawful self-defense when he escorted plaintiff out of the bar and later when he struck McDonough after McDonough attempted to assault Toles; Toles' use of force was both objectively and subjectively reasonable and authorized by law.

5.    Toles reserves the right to move the Court for leave to raise any additional affirmative defenses that become known through further investigation and discovery in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Toles requests that the Court:

1.      Dismiss McDonough's Complaint with prejudice, with McDonough taking nothing from Toles, and entering judgment in Toles' favor;

2.      Awarding Toles' costs, disbursements, and attorney fees incurred in this matter; and

Awarding all other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant demands a trial by jury in this action as to all issues so triable.

## CLIFTON TOLES' CROSSCLAIM AGAINST CO-DEFENDANT CITY OF MINNEAPOLIS

For his Crossclaim against co-defendant City of Minneapolis, cross-claimant Clifton Toles, defendant in the above-captioned action, states and alleges as follows:

## PARTIES

1.      At all times material to the allegations herein, Toles has been a citizen of the United States, a resident of the State of Minnesota, and a duly appointed and acting police officer of the Minneapolis Police Department.

2.      The City of Minneapolis is a municipality duly incorporated under the laws of the State of Minnesota and is subject to the duties of municipal corporations at common law, the statutory requirements in Chapter 412 of Minnesota Statutes, and other laws.  Minneapolis maintains and operates the Minneapolis Police Department.

44

## JURISDICTION AND VENUE

3.     This Court has supplemental jurisdiction over this Crossclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in Plaintiff Lucas McDonough's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

4.     Venue is appropriate before this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this Crossclaim occurred in this District.

## GENERAL ALLEGATIONS

5.     Minneapolis appointed Toles as a police officer on March 28, 2016.

6.     After completing his field training in Minneapolis' Third Precinct, Toles began working as a beat officer patrolling in the city's Second Precinct.

7.     The Minneapolis Police Department has worked for multiple years to promote police-citizen cooperation as part of its ongoing mission to make the city safer.

8.     In pursuit of this goal, supervisors in the Minneapolis Police Department encourage beat officers like Toles to develop positive connections and relationships with the local communities in which they serve.

9.     Supervisors encourage beat officers to develop direct lines of communications with local business in their precinct, to provide their business cards and police-issued cell phone numbers to these businesses, and to offer that the businesses could contact the officer directly if they needed police assistance of any sort.

10.     In furtherance of the police department's mission, Toles worked to develop relationships with local residents and businesses in the Second Precinct.

11.     Upon introducing himself to local businesses and making connections, Toles would frequently provide his police-issued cellphone number so that owners and staff could contact him directly in the event that they needed police assistance.

12.     Toles was successful in his outreach, resulting in local restaurants and bars frequently calling or texting Toles, requesting police assistance in dealing with intoxicated or disorderly patrons, or to drive a squad through the business' parking lot to investigate or disperse suspicious persons or activities.

13.     Upon receiving such requests, Toles would respond personally when he was available.  In the event that Toles was unavailable to respond personally to such a request, Toles would ensure the request and information was forwarded to another officer who was able to assist.  Responding, or facilitating another officer's response, to these requests from local businesses was part of Toles' job duties as a Minneapolis police officer.

14.     In his work as a beat officer in the Second Precinct, Toles often responded to reports of intoxicated or disorderly patrons at bars.  The Second Precinct encompasses Dinkytown, where officers like Toles frequently encounter intoxicated or disorderly college students.

15.     When responding to such reports, Toles would assess the individual's intoxication and, if necessary to protect the individual, surrounding patrons, or the peace, Toles would restrain and remove the individual from the establishment.

16.     Minneapolis police officers are trained that they can exercise discretion whether to arrest intoxicated and/or disorderly bar patrons, taking into account

surrounding circumstances. Oftentimes the best decision is to help the patron be safe and get home without causing anyone trouble.

17.    In line with his training, Toles exercises discretion whether to arrest intoxicated and/or disorderly bar patrons. Toles has often been able to use de-escalation tactics to calm the individual down and request that the individual head home.

18.    The 1029 Bar is located in Minneapolis' Second Precinct, which is Toles' precinct.

19.    As part of his job as a Minneapolis police officer, Toles developed a direct police-citizen relationship with the owners and staff of The 1029 Bar.

20.    Over the course of 2016 and 2017, The 1029 Bar regularly contacted Toles directly, requesting police assistance in dealing with intoxicated or disorderly patrons or to drive a squad by the establishment to investigate or disperse suspicious persons or activities.  Toles responded personally to these requests if he was available.  If he was unavailable, Toles would forward these requests to an available officer.

21.    On the evening of December 23, 2017, Toles visited The 1029 Bar while off duty. He arrived at approximately 11:45 p.m.

22.    Officers who are off duty and inside their precinct are required by Minneapolis Police Department procedures to exercise peace officer authority.

23.    Chapter 629 of Minnesota Statutes provides that off-duty officers within their jurisdiction are empowered to exercise peace officer authority and may arrest persons without a warrant in prescribed circumstances.

24.     Minneapolis police officers' job duties thus include action by the officer if the officer is off duty, inside his or her precinct, and circumstances warrant action.

25.     During the entire time Toles was present at The 1029 Bar on the evening in question, Toles' employment as a Minneapolis police officer required him to exercise peace officer authority if circumstances warranted him to do so.

26.     Sometime after he arrived at the bar on the evening of December 23, 2017, Toles spoke with an engaged couple after Toles witnessed an intoxicated man stumble into and harass the woman.  Toles encouraged the man in the couple to calm down.

27.     Toles later learned that the intoxicated man was Plaintiff Lucas McDonough.

28.     Later, a member of The 1029 Bar's staff (who knew Toles to be a Minneapolis police officer and had requested Toles' assistance as described above on multiple prior occasions), informed Toles that he had received reports of an intoxicated man who was harassing and groping women at the bar that evening.  The staff member identified McDonough as the offender and asked Toles to intervene.

29.     Toles' response to the bar staffer was that bar security should handle the drunk customer if possible because he (Toles) was off duty.

30.     Sometime between 1:30 and 2:00 a.m., a woman (referenced in the McDonough's Complaint and herein as "W3") who Toles had spoken with earlier that night called out Toles' name.  W3 knew that Toles was a Minneapolis police officer.

31.    McDonough, whom Toles recognized as the intoxicated man he had previously witnessed harass a woman and who had reportedly harassed and groped other women in the bar that evening, was standing next to W3.

32.    W3 then made a comment to Toles that suggested her discomfort by McDonough's presence.

33.    Toles introduced himself to McDonough, who immediately responded with profanities.

34.    McDonough appeared extremely intoxicated, as he had been earlier in the evening.

35.    McDonough's speech was slurred due to his intoxication.

36.    McDonough was standing within a few feet of Toles, coming close enough that Toles could feel McDonough's spit hit his face when McDonough spoke to him.

37.    Toles attempted to introduce himself a second time, but McDonough responded with additional profanities, abusive language, and overall aggression, contacting Toles' chest with his hand.

38.    As he had done during numerous prior encounters with intoxicated and disorderly bar patrons, Toles attempted to de-escalate McDonough's aggression.

39.    Toles informed McDonough that he was a Minneapolis police officer.

40.    Instead of backing down, like most citizens would do, McDonough became more incensed after Toles identified himself as a police officer.

41.    During this encounter, it was very crowded in the bar, and McDonough was holding a drink, which Toles recognized as a potential threat to himself and other patrons.

49

42.     This encounter with McDonough occurred in a crowded, confined area within The 1029 Bar such that Toles could not retreat from McDonough's encroachment.

43.     Toles called for bar security to assist with McDonough.

44.     However, before security could arrive, Toles determined that his (Toles') safety was endangered given McDonough's prior conduct, present increasing aggression, and Toles' inability to retreat.

45.     To avoid harm to himself, McDonough, and others, Toles determined that he needed to exercise his peace officer authority to restrain and remove McDonough from The 1029 Bar.

46.     Using a hold that he understood was permitted by Minneapolis policy, Toles restrained McDonough and escorted him out of the bar.

47.     McDonough resisted Toles' restraint while being removed from the bar.

48.     Upon exiting the bar, Toles continued his attempt to de-escalate McDonough's aggression.

49.     Toles released McDonough, who then turned around and attempted to strike Toles.

50.     McDonough's punch came as a surprise to Toles, who at the moment had been distracted by losing his footing.

51.     In response to McDonough's surprise punch, Toles instinctively reacted by defending himself, contacting McDonough one time with his hand.

52.     Toles' physical reaction to McDonough was without foresight, it was instinctual, and it was without any intent to contact or harm McDonough.

50

53.    McDonough stumbled or fell to the ground.

54.    Toles advised The 1029 Bar's staff to call 911 so that McDonough could receive medical attention.

55.    Shortly thereafter, individuals, who Toles reasonably perceived to be McDonough's friends, exited the bar and made threatening comments.  At the request of The 1029 Bar's staff, Toles left the scene.

56.    Upon leaving The 1029 Bar, Toles called his supervising officers to inform them of the incident.

57.    The police department instructed Toles to prepare an incident report the following morning, which he did.

58.    Police procedure is that an incident report form is only completed after the exercising of police authority.

59.    On August 13, 2019, McDonough filed his Complaint in the above-captioned matter, alleging that Toles violated McDonough's constitutional rights due to his alleged improper exercise of police force.

60.    Despite Toles' request to Minneapolis for defense and indemnification pursuant to Minn. Stat. § 466.07, the city is not defending or (if necessary) indemnifying Toles in the above-captioned litigation, which has caused Toles to sustain damages, including attorneys' fees.

## COUNT I:
## Claim for defense and indemnification
## under Minn. Stat. § 466.07

61.    Toles incorporates and re-alleges as if fully set forth herein each of the allegations contained in the above paragraphs and further states and alleges as follows:

62.    In the above-captioned litigation, McDonough has brought a claim against Toles under 42 U.S.C. § 1983, alleging that Toles' violation of McDonough's constitutional rights caused McDonough to suffer a traumatic brain injury.

63.    While Toles denies the merits of McDonough's claim, it nevertheless remains the case that McDonough is only able to plausibly allege a § 1983 claim under the above-alleged facts because Toles is employed by the City of Minneapolis as a police officer.

64.    At the hearing on motions to dismiss, Minneapolis conceded that it has a statutory obligation to indemnify officers that are sued in a "run-of-the-mill" 1983 action.

65.    Through its August 4, 2020 order, the Court has concluded that McDonough's Complaint states a plausible claim against Toles under § 1983.

66.    During the events giving rise to this litigation, Toles was acting in the performance of the duties of his position as a police officer employed by the City of Minneapolis.

67.    Toles acted in the performance of his duties by exercising peace-officer authority when he attempted to prevent a breach of the peace consisting of disorderly conduct and assault by McDonough against himself and other patrons of The 1029 Bar.

68.     At all times Toles was acting consistently with his training and authority as a Minneapolis police officer.

69.     Toles was not guilty of malfeasance in office, willful neglect of duty, or bad faith.

70.     Pursuant to a statutory right granted to him by the Minnesota Legislature through Minn. Stat. § 466.07, Toles is entitled to indemnification and reimbursement of all defense costs.

71.     To be clear, this Crossclaim does not constitute a challenge to Minneapolis' decision under its own policies as to whether it will defend and indemnify Toles in the above-captioned litigation, nor is Toles alleging in this Crossclaim that Minneapolis has failed to comply with its internal policies for determining its defense and indemnity obligations with respect to Toles.  Instead, though this Crossclaim, Toles is asserting his substantive right under Minn. Stat. § 466.07 to defense and indemnity.

## COUNT II:
## Claim for equitable contribution, indemnity, and reimbursement

72.     Toles incorporates and re-alleges as if fully set forth herein each of the allegations contained in the above paragraphs and further states and alleges as follows:

73.     In the above-captioned litigation, McDonough has brought a claim against Toles under 42 U.S.C. § 1983, alleging that Toles' violation of McDonough's constitutional rights caused McDonough to suffer a traumatic brain injury.  While Toles denies the merits of McDonough's claim, it nevertheless remains the case that McDonough is only able to plausibly allege a § 1983 claim under the above-alleged facts

because Toles is employed by the City of Minneapolis as a police officer.  Through its August 4, 2020 order, the Court has concluded that McDonough's Complaint states a plausible claim against Toles under § 1983.

74.     If Toles is adjudged to be liable to McDonough in any way or under any theory—which Toles continues to deny—then, under the equitable theories of contribution, indemnification, and reimbursement, Toles is entitled to a judgment against Minneapolis to reimburse Toles for any such payments issued to McDonough, as well as Toles' incurred attorneys' fees, as such liability could only have resulted from Toles' actions on behalf of Minneapolis and in furtherance of its interests.

## COUNT III:
## Claim for defense under Minn. Stat. § 471.44

75.     Toles incorporates and re-alleges as if fully set forth herein each of the allegations contained in the above paragraphs and further states and alleges as follows:

76.     In the above-captioned litigation, McDonough has brought a claim against Toles under 42 U.S.C. § 1983, alleging that Toles' violation of McDonough's constitutional rights caused McDonough to suffer a traumatic brain injury.

77.     While Toles denies the merits of McDonough's claim, it nevertheless remains the case that McDonough has alleged that he sustained physical injuries through an encounter in which he was physically restrained by Toles.

78.     Toles' act of physically restraining McDonough was proper because he was within the jurisdiction of his appointing authority, because McDonough's disorderly and abusive conduct constituted a public offense committed in Toles' presence, and because

his (Toles') safety—along with the safety of other patrons—was endangered given McDonough's prior conduct, present increasing aggression, and Toles' inability to retreat.

79.     At all times Toles was acting in good faith and consistent with his employment as a Minneapolis police officer, which required him to exercise peace officer authority if circumstances warranted him to do so.

80.     Pursuant to a statutory right granted to him by the Minnesota Legislature through Minn. Stat. § 471.44, Toles is entitled to receive—and the City of Minneapolis is obligated to provide—reasonable costs and expenses in defending the above-captioned suit, including witness fees and reasonable attorneys' fees. Specifically, Toles is employed as a police officer by the City of Minneapolis; an action has been brought against him to recover damages for alleged injury to person; and the action is a result of an arrest made by Toles in good faith and in the performance of his official duties. In accordance with Minn. Stat. 471.44, subd. 1, the City of Minneapolis is obligated to pay the reasonable costs and expenses of defending such suit, including witness fees and reasonable counsel fees, notwithstanding any contrary provision in the laws of Minnesota or in the charter of the City of Minneapolis.

81.     To be clear, this Crossclaim does not constitute a challenge to Minneapolis' decision under its own policies as to whether it will defend or furnish legal counsel to defend Toles in the above-captioned litigation, nor is Toles alleging in this Crossclaim that Minneapolis has failed to comply with its internal policies for determining its defense obligations with respect to Toles.  Instead, though this Crossclaim, Toles is

asserting his substantive right under Minn. Stat. § 471.44 to reasonable costs and expenses in defending the above-captioned suit, including witness fees and reasonable attorneys' fees.

## COUNT IV:
## Claim for Declaratory Judgment under 28 U.S.C. § 2201 and Minn. Stat. § 555.02

82.     Toles incorporates and re-alleges as if fully set forth herein each of the allegations contained in the above paragraphs and further states and alleges as follows:

83.     An actual and justiciable controversy exists between Toles and Minneapolis regarding Toles' rights—and Minneapolis' obligations—under Minn. Stat. §§ 466.07 and 471.44.  A resolution of this controversy is dependent upon the Court's analysis of the at-issue statutes and the facts of this matter.

84.     Minnesota law authorizes the Court to declare rights under statutes.  *See* Minn. Stat. § 555.02.  In addition, 28 U.S.C. § 2201 authorizes the Court to declare the rights and legal relations of interested parties.

85.     Toles is entitled to a declaration that, pursuant to his statutory rights under Minn. Stat. §§ 466.07 and 471.44, Minneapolis is obligated to defend Toles in the above-captioned suit and pay Toles' reasonable costs and expenses, including witness fees and reasonable attorneys' fees,  incurred in defending the above-captioned suit.  Toles is also entitled to declaration that, pursuant to Toles' statutory rights under Minn. Stat. 466.07, Minneapolis must indemnify Toles for any judgment awarded in favor of McDonough and against Toles in the above-captioned suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Toles respectfully requests relief from the Court as follows:

1.      In the event that Lucas McDonough is entitled a judgment or recovery against Clifton Toles, judgment against the City of Minneapolis, awarding Toles 100% of any such liability to McDonough, and otherwise for full and complete contribution and indemnity under Minn. Stat. § 466.07, Minn. Stat. § 471.44, and/or common law principles of contribution, indemnity, and reimbursement;

2.      Declaring that, pursuant to Minn. Stat. §§ 466.07 and 471.44, Toles is entitled to defense and, if necessary, indemnification with respect to McDonough's claim against Toles in the above-captioned suit.

3.      For judgment against the City of Minneapolis and in favor Toles, awarding Toles his costs, disbursements, and reasonable attorneys' fees incurred in defending this action and enforcing his statutory right to defense and indemnification under Minn. Stat. §§ 466.07 and 471.44; and

4.      All other relief as the Court deems just and equitable.

Toles reiterates his demand for a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 29, 2020      By:   s/M. Gregory Simpson

Leatha G. Wolter (#175614)
M. Gregory Simpson (#204560)
Blake P. DeRosier (#0398234)
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
Telephone:  (612) 338-0661
Email: lwolter@meagher.com
     gsimpson@meagher.com
     bderosier@meagher.com

and

Daniel J. Singel (#348685)
Jessica A. Zeletes (#0397753)
McCollum, Crowley, Moschet,
Miller & Laak, Ltd.
700 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN  55431
Telephone:  (952) 831-4980
Email: djs@mccollumlaw.com
     jaz@mccollumlaw.com

***Attorneys for Defendant Clifton Toles***

13791523.1